# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**ROSHANDRA HILL,**

    **PLAINTIFF,**

**VS.**                                                              **CV NO.:**

**SUGAR N' SPICE DAY CARE &**
**KINDERGARTEN, L.L.C.,**

    **DEFENDANT.**                                   **JURY TRIAL DEMANDED**

## COMPLAINT

### I. JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1981. This suit is authorized and instituted pursuant to 42 U.S.C. § 1981, also known as the "Civil Rights Act of 1866." The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination.

### II. PARTIES

2.  Plaintiff, Roshandra Hill, (hereinafter "Plaintiff") is a resident of Fultondale, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant Sugar N' Spice Day Care & Kindergarten, L.L.C. (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 29 U.S.C. § 201, *et seq*. Therefore, this Court has personal jurisdiction over Defendant.

### III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5. Plaintiff is a Black American.

6. Defendant is owned by Syble Marshall and Terri Marshall.

7. Defendant hired Plaintiff on or about April 22, 2019.

8. Defendant terminated Plaintiff's employment on October 29, 2020.

9. Defendant initially employed Plaintiff as a Cook.

10. Defendant increased Plaintiff's job duties to include the position of "Classroom Helper."

11. Defendant employed Gena Hubbert.

12. Hubbert is white.

13. Shortly after Plaintiff's hire, Plaintiff complained to Syble Marshall that Hubbert engaged in the unacceptable behavior of making racist comments about Plaintiff consuming fried chicken and watermelon.

14. Defendant employed Katie Porter.

15. Porter worked in the role of Classroom Floater.

16. Porter is white.

17. On or about June 22, 2020, Plaintiff reported to Syble Marshall that Porter directed the word "nigger" towards the Plaintiff.

18. Defendant employed Phiona Saunders.

19. Saunders is a Black American.

20. Saunders worked in the position of Teacher.

21. On October 27, 2020, after returning from a lunch break with Porter, Saunders slapped Plaintiff's hand and shoved her in the back.

22. Plaintiff responded to the physical assault by telling Saunders and Porter to "get the fuck out!"

23. Immediately after the incident, Plaintiff reported the physical assault to Syble Marshall.

24. Defendant employed Ashlyn Marshall.

25. Ashlyn Marshall is related to Defendant's owner Syble Marshall.

26. Ashlyn Marshall worked in the role of Office Manager.

27. On October 28, 2020, Plaintiff reported the incident with Saunders and Porter to Ashlyn Marshall and indicated that she was emotionally distraught and could not report to work that day.

28. Ashlyn Marshall informed Plaintiff that Syble Marshall wished to talk with Plaintiff, Saunders, and Porter so that they could "move forward."

29. Plaintiff informed Ashlyn Marshall that she did not wish to engage in conversation with Saunders or Porter.

30. On October 29, 2020, Plaintiff texted Syble Marshall to report she still could not report to work yet.

31. On October 29, 2020, after Plaintiff's above referenced text, Marshall texted Plaintiff and informed her that Defendant terminated her employment for unacceptable behavior, failing to come to work, and language used in the presence of other staff.

32. Defendant did not terminate Porter for numerous no-call/no-shows.

33. Defendant did not terminate Porter for missing a mandatory staff meeting scheduled for September 19, 2020.

34. Defendant did not terminate Porter for the unacceptable behavior of assault.

35. Defendant did not terminate Porter after she directed the word "nigger" towards the Plaintiff.

36. Defendant did not terminate Hubbert after she directed racial stereotypes towards the Plaintiff.

**COUNT ONE - 42 U.S.C. § 1981 – Race Discrimination (Termination)**

37. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 36 above.

38. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment for the stated reason of unacceptable behavior, failing to come to work, and language used in the presence of other staff, but did not terminate the employment of white employees, including Porter and Hubbert, that engaged in similar conduct, including unacceptable behavior, failing to come to work, and language used in the presence of other staff.

39. Plaintiff's race, Black, is a but for cause of Defendant's decision to terminate Plaintiff's employment.

40. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

**V. COUNT TWO - 42 U.S.C. § 1981 – Retaliation (Termination)**

41. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 36 above.

42. On October 29, 2020, in response to Plaintiff informing Defendant's Office Manager that she was unable to report to work for the second day in a row

due to her emotional distress caused by Defendant's violent and racially hostile work environment, Defendant terminated Plaintiff's employment.

43. In violation of 42 U.S.C. § 1981, Defendant retaliated against Plaintiff for continuing to report incidents regarding a violent and racially hostile work environment when it terminated Plaintiff's employment for the stated reason of unacceptable behavior, failing to come to work, and language used in the presence of other staff, but did not terminate the employment of white employees, including Porter and Hubbert, that engaged in similar conduct, including unacceptable behavior, failing to come to work, and language used in the presence of other staff.

44. Plaintiff's reporting of a racially hostile work environment is a but for cause of Defendant's decision to terminate Plaintiff's employment.

45. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the 42 U.S.C. § 1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

C. Award her back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1981 and § 1981a that the actions of Defendant violated the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Whitney Morgan Brown

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Mountain Brook, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Sugar N' Spice Day Care &
Kindergarten, L.L.C.
c/o Jeremy Kent Marshall
2237 Sumpter Street
Hoover, AL 35226